BENNETT, WHITE & Co., Respondents, *vs.* CROWELL, HAWES & Co., Appellants.

### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

The complaint alleged the making and delivery of a promissory note by the Defendants to the Plaintiffs, " whereby they promised to pay a certain sum," &c. The answer denied that the Defendants, by the note mentioned, "promised to pay the Plaintiffs or their order the sum mentioned in the complaint, or any sum whatever." *Held,* That the allegation of the complaint amounted to an averment that the note was payable to the Plaintiffs. That such an allegation was material, and its denial, as above, formed an issue which must be tried.

*Held,* Also, that an order directing a judgment to be entered for the Plaintiffs on the pleadings, was erroneous.

### Points and Authorities for Appellants.

I.—The answer in this case is a full and explicit denial of a material allegation of the complaint. This is perfectly shown by striking out of said complaint the allegations traversed by said answer. No one can claim that the remaining allegations of said complaint would constitute a cause of action. They would simply show that the Defendants executed and delivered to Plaintiffs (at no specified time) their certain promissory notes, to whose contents or legal effect no clue is given, and that said note is due and unpaid, &c., &c.

II.—The Court below, evidently misled by the judge's well known prejudice against a defence to an action brought on a promissory note, misstates the denials of the answer in the decision filed. Had not the judge approached the case, sure that some trick must be concealed in the answer, he would have seen that said answer does deny an "allegation of fact contained in the complaint."

The complaint contains nothing to show that the note declared upon creates any pecuniary liability of Defendant to Plaintiff, except in the allegation denied by the answer.

III.—Nor is the denial merely a denial of a conclusion of law, but of an allegation of the complaint, which is "mixed of law and fact." Such an allegation is always traversible. *Stephen on Pl.* 192.

The denial in the answer cannot be held bad without holding bad the allegation denied. If it be so, the complaint undisputed would present no cause of action. It surely cannot be required that the answer should be better pleaded than the complaint.

Points and Authorities of Respondents.

I.—The answer interposed is clearly frivolous, as it raises no material issue, and does not deny any material allegation of the complaint. Under the denial of the answer no evidence would be admissible which would go to make out any defence whatever to the note declared on. The answer admits the making and delivering of the note by the Defendants to the Plaintiffs, for a valuable consideration; that the Plaintiffs are the owners and holders of the note, and that the amount claimed by the Plaintiffs is due them on the note from the Defendants.

The answer amounting simply to this, that admitting that the Defendants made and delivered their promissory note to the Plaintiffs, of which note the Plaintiffs are the owners and holders, and upon which there is an ascertained balance due from the Defendants; yet notwithstanding the execution and delivery of the note, and the admissions that it is unpaid, and that there is a certain amount due

on it from the Defendants, they say that by the making of the note they did not promise, &c.    For cases in which similar answers have been held bad and frivolous, we refer the Court to the following authorities. 1 *Duer*, 265; 5 *Sand*, 646; 1 *Abb. P. R.* 191; 2 *Duer*, 653; 8 *How. P. R.* 274; 1 *Code R.* 91; 5 *How.* 14; 6 *id.* 402; 17 *Barb.* 530; 11 *How.* 477; 9 *id.* 215; 1 *Code R.* 119; 2 *id.* 80; 2 *Sand.* 388.

II.—The denial of the answer, if it can be considered a denial, is a denial in "manner and form" only, and is not admissible under the practice laid down by the code. *See above authorities.*

GEO. A. NOURSE, Counsel for Appellants.

HORN & GALUSHA, Counsel for Respondents.

*By the Court*—EMMETT, C. J.—The complaint in this case alleges that the Defendants by their firm name made their promissory note in writing of a certain date, whereby they promised to pay to the Plaintiffs or order, five months after date, three hundred and seventeen dollars, and then and there delivered the same to the Plaintiffs; that the note has since become due; that only the sum of one hundred dollars has been paid thereon; that the Plaintiffs are now the holders and owners thereof; and that the Defendants are indebted to them thereon in the sum of two hundred and seventeen dollars, with interest, &c., for which the Plaintiffs demand a judgment.

Two of the Defendants answer separately, and "deny that by the promissory note in the complaint mentioned, the Defendants in the action, or either of them, ever promised to pay the Plaintiffs or their order, the sum alleged in the complaint or any sum whatever."

The Plaintiffs thereupon applied for judgment upon the answer, on the ground that the same was frivolous and insufficient. The Court, upon the hearing of the application, ordered judgment to be entered for the Plaintiffs as for want of an answer; and the Defendants appealed from this order.

It is evident from a perusal of the opinion of the judge

below, that he was entirely mistaken as to the denials of the answer. He bases his decision principally, if not wholly, on the ground that the Defendants merely denied that *they*, the Defendants who answered, or either of *them*, ever promised, as stated in the complaint. And this, he very properly remarks, is denying what was never averred by the Plaintiffs, and leaves every material allegation of the complaint admitted. It will be found however that this is an erroneous statement of what the answer denies. It denies that the Defendants *in the action* promised, &c., not the Defendants who answer. This denial is broad enough to include, and was doubtless intended to include all the Defendants, and completely disposes of the objection upon which the decision of the court below seems to have been predicated.

The Defendants however insist that the decision was proper, although the correct reason therefor may not have been given; and this brings up the question whether the answer presented an issue that should have been tried.

The complaint, as before stated, alleges that the Defendants made and delivered to the Plaintiffs their promissory note in writing of a certain date, "*whereby they promised to pay to said Plaintiffs or order*," &c. The portion italicised is an averment that the written promise was to pay to the Plaintiffs or order,—in other words, that the Plaintiffs were the payees of the note. Was this allegation material? We are clearly of opinion that it was material; because if the Plaintiffs were not the payees of the note—if the promise was not made to them,—it is difficult to see how they could maintain an action thereon against the makers, without further allegations. For if the promise was to pay any other person (and the effect of the Plaintiff's motion for judgment notwithstanding the answer is to admit that the promise was *not made to the Plaintiffs*,) then the delivery to the Plaintiffs would have been for the use and benefit of the payee, whoever he was, and any right which they could acquire against the maker, must be through the medium of such payee; and this would have to be shown by proper averment. It was therefore essential to the Plaintiff's right of action against the makers, that they should show their connection with the

note delivered to them.  Unless they were either the payees, indorsees, or it had otherwise been transferred to them, they had no action against the Defendants.  They therefore alleged substantially that they were the payees; and the Defendants traverse the fact in the very words of the allegation.  Can it be that the issue thus tendered and accepted is immaterial; or that the Plaintiffs would establish the issue on their side by the production of a note in all respects like that declared on, save that it was not payable to them or their order?

Let us suppose that each allegation of the complaint in this action had been put in issue, and that on the trial the Plaintiffs had made full proof of the execution and delivery of the note to the Plaintiffs, but when they came to offer the note itself in evidence, it was found that it was not payable to the Plaintiffs, but to some one else, would it have been seriously contended that the Plaintiffs could have recovered?  Not even if the note had been regularly indorsed to them unless an amendment of the pleadings was permitted so as to make them conform to the facts proved.  At common law such a variance between the pleadings and proofs would have been fatal to the Plaintiffs' right of recovery, and we do not see that they are in any better position under our system of pleading.  They are required by the code to state the facts as they exist; and they would have to connect themselves with the payee by sufficient allegations and proof of indorsement or other legal transfer, before they could properly recover.

Again, as the effect of the Plaintiffs' application for judgment on the pleadings, is to admit the truth of Defendants' denials, let us suppose that the Plaintiffs had declared in terms that the Defendants on, &c., made their promissory note in writing, and delivered the same to the Plaintiffs, but did not thereby, (by said note,) ever promise to pay to them or to their order the sum mentioned in said complaint, or any other sum.  We cannot suppose that any one would seriously contend that such a complaint would have been held sufficient; and yet the position of the Plaintiffs does not differ materially from that here suggested.

But, say they, we have alleged that we are now the lawful owners and holders of said note, and that the Defendants are

indebted to us thereon in the sum for which we have demanded judgment; and both of these allegations are admitted by the answer.

It must be remembered however that these admissions are by implication merely; and it may also be stated in answer, that in all cases of this kind, allegations of ownership and indebtedness, unless coupled with the facts from which the ownership and indebtedness can legally be inferred, such as an indorsement or other legal transfer, are mere conclusions of law and need not be denied.

We are of the opinion that if the note mentioned in the complaint was not payable to the Plaintiffs, they have no right to recover, without further allegations showing facts from which title can be inferred. That the allegation as to the payee was material, and its denial formed an issue which should have been tried as provided by law.

The order of the District Court, directing judgment to be entered for the Plaintiffs on the pleadings is reversed and the case remanded for trial.